UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RAYMOND LEMOND HARPER,

    Plaintiff,

v.   CAUSE NO. 3:22-CV-409-DRL-MGG

WILLIAM REDMAN *et al.*,

    Defendants.

OPINION AND ORDER

Raymond Lemond Harper, a prisoner proceeding without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. (ECF 8.) As required by 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Harper is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Harper filed an original complaint, which the court determined was subject to dismissal under 28 U.S.C. § 1915A. The court afforded him an opportunity to file an amended complaint further illuminating his claims, and he responded with the present

filing. His claims stem from events occurring at the St. Joseph County Jail when he was incarcerated there as a pretrial detainee. According to the complaint and attachments, an incident occurred at the jail in November 2021, during which several inmates in the jail's "B-Pod" staged a "protest" and refused to return to their cells as ordered. Mr. Harper was housed in the B-Pod, but he claims he was not one of these unruly inmates and instead returned to his cell as ordered. Nevertheless, jail staff were unable to gain compliance by the other inmates. After several orders were disregarded, Assistant Warden Zawitowski (first name unknown) allegedly ordered a subordinate officer to deploy chemical spray into the B-Pod. After two bursts of chemical spray, all of the inmates returned to their cells.

Mr. Harper was hit by some of the chemical spray and experienced pain and burning in his throat and eyes. He claims that though the inmates were all back in their cells, the Assistant Warden had the water in their cells shut off for approximately an hour, leaving him with no means of washing the chemical spray off his face. He claims this was intended as a "form of punishment" for the inmates' actions. He further claims that he was not given an opportunity to decontaminate himself for a period of two days, nor was he given any clean towels, clothing, and bedding. It can be inferred from his allegations that his clothing and linens were covered with the chemical spray. He claims the Assistant Warden intended to punish the inmates by prolonging the unpleasant effects of the chemical spray.

He and the other inmates were subsequently moved to segregation. During the move, some of his personal property, including food and other commissary items, was

lost. He tried to obtain compensation for the lost items within the prison but has been unsuccessful in his efforts. Based on these events, he sues Sheriff William Redman, Warden Russ Olmstead, and Assistant Warden Zawitowski for money damages.

Because Mr. Harper was a pretrial detainee at the time of these events, his rights arise under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). Pretrial detainees "cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390– 91 (7th Cir. 1991) (citation omitted). However, the Fourteenth Amendment prohibits "punishment" of pretrial detainees. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). A pretrial detainee states a valid Fourteenth Amendment claim by alleging that (1) the defendant "acted purposefully, knowingly, or perhaps even recklessly," and (2) the defendant's conduct was "objectively unreasonable." *Miranda*, 900 F.3d at 353–54. "A jail official's response to serious conditions of confinement is objectively unreasonable when it is 'not rationally related to a legitimate nonpunitive governmental purpose[.]'" *Mays v. Emanuele*, 853 F. App'x 25, 27 (7th Cir. 2021) (citation omitted). In determining whether a challenged action is objectively unreasonable, courts must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). "[N]egligent conduct does not offend the Due Process Clause," and allegations of negligence, even gross negligence, do not suffice. *Miranda*, 900 F.3d at 353.

To establish an excessive force claim under the Fourteenth Amendment, the plaintiff must allege that "the force purposefully or knowingly used against him was objectively unreasonable." *Kingsley*, 576 U.S. 396-97. In determining whether force was

3

objectively unreasonable, courts consider such factors as the relationship between the need for force and the amount of force that was used, the extent of any injuries the plaintiff suffered, and the severity of the security problem. *Id.* at 397.

Giving Mr. Harper the inferences to which is he is entitled, he has alleged a plausible excessive force claim against Assistant Warden Zawitowski. Although the initial use of chemical spray may have been warranted given the disturbance Mr. Harper describes, he claims that after he and the other inmates were all secured in their cells, Assistant Warden Zawitowski took steps to prevent them from washing off the chemical spray and changing out of clothing that was contaminated with the spray for a period of two days. He claims this was intended as a form of punishment and that her actions caused him unnecessary pain and suffering. "A condition of confinement may be imposed on a pretrial confinee without violating the Due Process Clause if it is reasonably related to a legitimate and non-punitive governmental goal." *Antonelli v. Sheahan*, 81 F.3d 1422, 1427–28 (7th Cir. 1996). However, "[r]etribution and deterrence are not legitimate nonpunitive governmental objectives" in this context. *Id.* He will be permitted to proceed further on a claim for damages against Assistant Warden Zawitowski under the Fourteenth Amendment.

He also names Sheriff Redman and Warden Olmstead as defendants, but there is no indication these high-ranking officials had personal involvement in these events. He appears to be trying to hold them responsible because of the positions they hold, but there is no general *respondeat superior* liability under 42 U.S.C. § 1983. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Nor has he

4

plausibly alleged a claim against these officials under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). He does not allege the existence of an official custom or policy that caused him injury; rather, he describes "isolated wrongdoing of one or a few rogue employees." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). These defendants will be dismissed.

Mr. Harper also seeks compensation for his lost property. There are no allegations in the complaint to plausibly suggest that anyone at the jail intentionally destroyed his property to punish him. Rather, he alleges that unidentified staff at the jail was careless or negligent in their handling of his property during the move. Negligent conduct does not offend the Due Process Clause. *Miranda*, 900 F.3d at 353. Additionally, he has an adequate state post-deprivation remedy available to seek compensation for his lost property and thus cannot pursue a federal due process claim on this ground.[1] *See Higgason v. Morton*, 171 F. Appx. 509, 512 (7th Cir. 2006) (Indiana Tort Claims Act precluded Indiana inmate's due process claim arising from the loss of property in his cell); *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("[Plaintiff] has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due.")

For these reasons, the court:

---

[1] He appears to claim that this remedy is not adequate because he has been unable to obtain compensation through the ITCA. However, it appears from a letter attached to his complaint that his tort claim was rejected because he did not comply with the notice requirements of the Act. He apparently sent notice of his claim to the Attorney General's Office rather than to St. Joseph County officials. *See* Ind. Code § 34-13-3-8 (claims against political subdivisions; notice requirement). The fact that he has been unable to obtain compensation due to his failure to comply with state procedural requirements does not mean that this state remedy is "inadequate." *See Wynn,* 251 F.3d at 593.

(1) GRANTS the plaintiff leave to proceed against Assistant Warden Zawitowski (first name unknown) on a claim for damages in her personal capacity for subjecting him to excessive force on or about November 22, 2021, by turning off the water in his cell and denying him clean linens for two days to prolong the effects of chemical spray used to quell a disturbance;

(2) DISMISSES William Redman and Russ Olmstead as defendants;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Assistant Warden Zawitowski (first name unknown) at the St. Joseph County Jail and to send her a copy of this order and the amended complaint pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the St. Joseph County Sheriff's Office to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(6) ORDERS Assistant Warden Zawitowski to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

October 12, 2022                         *s/ Damon R. Leichty*
                                         Judge, United States District Court